UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lashunda Lee,** | ) | **CASE NO. 1:20 CV 491** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Envoy Air, et al.** | ) | |
| **Defendant.** | | |

**Introduction**

This matter is before the Court upon defendant Justine Freeman's Motion to Dismiss (Doc. 8).  This is an employment discrimination case. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Lashunda Lee filed this Complaint in the Cuyahoga County Court of Common Pleas against defendants Envoy Air, Greg Ricketts, Robert Bullard, Justine Freeman, and D.R. Silkwood.  The case was removed to this Court on the basis of diversity jurisdiction.

The Complaint sets forth four claims, all arising under Ohio law: gender discrimination;

retaliation; intentional infliction of emotional distress; and aiding and abetting. The Complaint sets forth the following facts. Plaintiff has been employed by Envoy Air since February 2017. She was hired as a web agent, and quickly promoted to the BSO office in luggage services. Beginning in 2017, plaintiff's co-worker in the BSO office, Thomas Ebinger, began harassing her based on her gender. As a result of Ebinger's continued harassment, plaintiff made a report to her immediate supervisors, Gill Evans and Chelsea Yates. Plaintiff spoke to Justine Freeman, an Envoy HR representative, who informed plaintiff that she was not aware of the procedure for filing a report of harassment but offered to approach D.R. Silkwood, Envoy's General Manager in Cleveland. Plaintiff responded that if Freeman looked into the procedures for filing a complaint, that would be sufficient.

Despite "filing the complaints, and with full knowledge by her supervisors of the prior incidents," plaintiff was forced to work with Epinger in the same office. In October 2017, Silkwood emailed plaintiff inquiring as to why she went to HR instead of going to him with her complaint of harassment. Plaintiff responded that she filed the complaint with her supervisors Evans and Yates, and only asked Freeman about the procedures for filing a complaint. Despite assurances from her supervisors that her complaint would be kept confidential, Silkwood called a meeting of the entire BSO staff on November 14, 2017, informing them of plaintiff's complaint. A follow-up meeting was held on November 20, 2017, with plaintiff, Silkwood, Yates, Evans, and Irma Stevens (an HR representative). In retaliation for her complaints, Silkwood demoted plaintiff to the back baggage handling room on December 1, 2017. She was injured two weeks later, and was retaliated against by failing to be placed on light duty in the BSO office. Retaliation continued upon her return to work at the start of 2018 in the form of being singled

2

out for unnecessary discipline by her supervisors. On August 8, 2018, Evans wrote an email admitting that Greg Ricketts (Regional Manager) and Robert Bullard (Project Manager) told all supervisors to single plaintiff out for discipline.

This matter is now before the Court upon defendant Justine Freeman's Motion to Dismiss.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

3

plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendant argues that none of the claims state a legally cognizable claim against her. For the following reasons, the Court agrees.

**(1) § 4112 claims (Counts One, Two, and Four)**

Counts One and Two allege discrimination and retaliation in violation of Ohio Revised Code § 4112.02. Count Four alleges aiding and abetting in violation of Ohio Revised Code § 4112.02(J).

Defendant argues that there are no allegations that she is a supervisor who might be subject to individual liability under Ohio Revises Code § 4112. "Under Ohio law ... an individual supervisor or manager may be liable for employment discrimination." *Braun v. Ultimate Jetcharters, Inc.,* 2013 WL 623495 (N.D. Ohio Feb. 19, 2013) (citing Ohio Rev.Code § 4112 and *Genaro v. Cent. Transport, Inc*., 84 Ohio St.3d 293, 300 (1999) ("a supervisor/manager may be held jointly and/or severally liable with her/his employer for discriminatory conduct of the supervisor/manager in violation of R.C. Chapter 4112.") Although supervisors may be individually liable for alleged violations of the employment discrimination provisions of the Ohio statute, "Ohio courts have refused to extend *Genaro* to non-supervisory employees." *Minnich v. Cooper Farms, Inc*., 39 F. App'x 289, 296 (6th Cir.2002).

Defendant Freeman maintains that the Complaint does not allege any facts from which an

inference could be drawn that she is a supervisor. The Complaint only alleges that defendant Freeman is "an Envoy HR representative." By contrast, the Complaint identifies Gil Evans and Chelsea Yates as plaintiff's "immediate supervisors." And, named defendants Ricketts and Bullard are Regional Manager and Project Manager, respectively. Defendant Silkwood is identified as General Manager.

Plaintiff agrees that only supervisors or managers can be held individually liable under Ohio Revised Code §4112.02(A), but maintains that "any person" is subject to individual liability under Ohio Revised Code §4112.02(J). Subsection (J) imposes liability on any person who aids and abets discriminatory conduct, and courts have held that it includes non-supervisory employees. Plaintiff argues that her Complaint sufficiently alleges that defendant Freeman aided and abetted in the retaliation against plaintiff. In particular, she points to the following allegations: Upon questioning Silkwood regarding the meeting with staff, he told plaintiff that "HR told him to make the complaints public to the entire BSO staff." The meeting was held, violating Silkwood's and Yates's assurances that plaintiff's complaint would be kept confidential and violating Envoy's own Workplace Harassment Policy. (Compl. ¶16-18) And, "The Defendants were aware of the protected activity and took adverse employment actions against the plaintiff including.. demoting her... and disciplining her without cause..." (¶ 36)

Plaintiff's arguments cannot overcome the Motion to Dismiss. Plaintiff does not attempt to argue that she has alleged that defendant Freeman was her supervisor. Instead, while conceding that she cannot hold defendant Freeman individually liable for discrimination or retaliation, plaintiff attempts to salvage her claim against this defendant by arguing that she can be held liable for aiding and abetting. Count Four alleges a separate claim for aiding and abetting

5

pursuant to subsection (J). But, that claim specifically alleges, "Defendants Greg Ricketts, Robert Bullard, and Donald Silkwood aided, abetted, and coerced others into discriminating and retaliating against the Plaintiff..." (Compl. ¶46) Having specifically identified which defendants aided and abetted, plaintiff cannot now assert that her Complaint alleged that defendant Freeman aided and abetted as well. This is so especially in the absence of any other supporting factual allegations. The Complaint only sets forth one conversation plaintiff had with Freeman wherein Freeman informed plaintiff that she was not aware of the procedure for filing a report of harassment but offered to find out how to do so.

Furthermore, plaintiff argues that her Complaint alleges that defendant Freeman "participated in the retaliation." She points to allegations which refer to actions taken by "HR" and "defendants." Even if plaintiff could implicate Freeman by including her with the Human Resources staff or other defendants, plaintiff cannot hold her individually liable unless Freeman was her supervisor or manager. Moreover, although plaintiff points to her allegation that "defendants ... took adverse actions.. including.. demoting her," the Complaint specifically alleged that Silkwood demoted plaintiff on December 1. (Compl. ¶21).

For these reasons, Counts One, Two, and Four fail to state a claim against defendant Freeman.

**(2) Intentional Infliction of Emotional Distress (Count Three)**

Defendant argues that plaintiff's sole allegation against her (i.e., Freeman did not know how to file a harassment report, but offered to approach Silkwood for the appropriate procedure) fails to state a claim for intentional infliction of emotional distress. For the following reasons, this Court agrees.

Under Ohio law, to establish a *prima facie* case of intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant intended to cause, or recklessly caused, the plaintiff serious emotional distress; (2) the defendant's conduct was "extreme and outrageous;" and (3) the defendant's conduct was the proximate cause of the plaintiff's serious emotional distress. *Lopez v. American Family Ins. Co*, 618 F. Appx. 794, 804 (6th Cir 2015) (citing *Phung v. Waste Mgmt.*, 71 Ohio St.3d 408, 644 N.E.2d 286 (Ohio 1994)). To be considered "serious emotional distress" under Ohio law, there must be a psychic injury that is "both severe and debilitating," where "a reasonable person, normally constituted, would be unable to cope adequately with a mental distress engendered by the circumstances of the case." *Lopez,* 618 F.Appx. at 804-805.

Plaintiff argues that she has sufficiently alleged serious emotional distress given that she has alleged that the Human Resources department participated in the retaliation and violated its own workplace rules, and that employees were told to retaliate against plaintiff. However, plaintiff has only made one allegation against defendant Freeman- that she had one conversation with plaintiff wherein she admitted she did not know how to process a harassment complaint, but could seek guidance in doing so. This simply does not arise to the level of extreme and outrageous conduct necessary to state a claim for intentional infliction of emotional distress.

Count Three is dismissed for failure to state a claim.

**Conclusion**

For the foregoing reasons, defendant Justine Freeman's Motion to Dismiss is granted.

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Court
                                          Chief Judge

Dated: 5/28/20